STATE *vs.* GARDINER GROVES.

PROVIDENCE—MARCH 27, 1899.

PRESENT : Matteson, C. J., Stiness and Tillinghast, JJ.

(1) *Criminal Law.   Common Offence.   Evidence.*

Where a statute specifies certain acts, proof of any one of which is suffi-
cient to fasten on a defendant such a degree of criminality that he is to
be held guilty of a common offence—the acts not constituting distinct
offences—it is sufficient to charge the offence as committed on a given
day .without a *continuando.*

The different acts being merely matters of evidence tending to show a violation of the statute, for all of which but one punishment can be imposed, testimony of distinct acts on days other than that laid in the indictment is admissible, and the State is not compelled to elect the date on which it will go to the jury.

INDICTMENT charging defendant with being a common gambler. Heard on petition of defendant for a new trial. New trial denied.

PER CURIAM. The defendant was indicted under Gen. Laws R. I. cap. 283, § 5, which enacts that every person guilty of either of the offences specified in it shall be taken and held to be a common gambler. Testimony was submitted by the prosecution of four distinct acts in violation of the provisions of the section, on the 18th, 22d, 24th, and 28th days of January, 1898. The offence was laid in the indictment as having been committed on the 24th day of January, 1898, and was charged without a *continuando*. At the conclusion of the testimony for the prosecution, the defendant asked the court to compel the State to specify the date as to which it would go to the jury. This request was refused, and the defendant thereupon excepted. The jury returned a verdict of guilty, and the defendant then filed his petition for a new trial, the ground of which is that the court erred in refusing his request.

He maintains that without the specification he was compelled, though charged with committing an offence only on the day laid in the indictment, to defend himself by evidence and argument against the prosecution for committing it on three different days, which, in the absence of a *continuando*, he contends was manifestly wrong. In support of his contention he relies on *State* v. *Nagle*, 14 R. I. 331, in which it was held that when an offence is charged as committed on a given date, and evidence at the trial was admitted tending to prove its commission on other days also, the prosecutor should be required to specify the date on which he will go to the jury. That, however, was a complaint for the illegal keeping for sale of intoxicating liquors, the keeping for sale of which on different days constituted different offences, for

each of which the defendant was liable to a separate and distinct punishment. In the case at bar the different acts are not distinct offences, but are merely matters of evidence tending to show that the defendant was guilty of a violation of the statute, for either or all of which, if found guilty, he was to be taken and held to be a common gambler, and for either or all of which but one punishment could be imposed.

The offence of being a common gambler consists in having acquired that character by acts of gambling, three or more acts being necessary for conviction. The statute specifies certain acts, proof of either one of which it sufficient, not to constitute the defendant a common gambler, but to fasten on him such a degree of criminality that he is to be taken and held to be a common gambler. *State* v. *Melville*, 11 R. I. 417.

The offence of maintaining a nuisance is analogous. The character of the place maintained and alleged to be a nuisance may be shown by proof of one or more of the conditions the existence of which render it a nuisance, whether on the same or on different days. As the offence consists in the character of the place maintained, and though that character may be shown by proof of one of the conditions, yet all of them together constitute but one nuisance and one offence.

Defendant's petition for new trial denied, and case remitted to Common Pleas Division for sentence.

*Charles F. Stearns, Assistant Attorney-General*, for State.

*John M. Brennan*, for defendant.